Robert K. Jones (State Bar No. 016228)
Andrew M. Gaggin (State Bar No. 034657)
**JACKSON LEWIS P.C.**
2111 E. Highland Ave., Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Robert.Jones@jacksonlewis.com
Andrew.Gaggin@jacksonlewis.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Drake Dixon, | Case No: |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT** |
| The Vanguard Group, Inc., | |
| Defendant. | |

Defendant, The Vanguard Group, Inc., by and through undersigned counsel, submits its Answer to Plaintiff Drake Dixon's Complaint. Defendant admits, denies, and states as follows:

**NATURE OF THE ACTION**

1.    Defendant denies the allegations contained in paragraph 1, except to admit that Plaintiff purports to bring the claims alleged therein.

2.    Defendant denies the allegations contained in paragraph 2.

3.    Defendant denies the allegations contained in paragraph 3.

**PARTIES, VENUE AND JURISDICTION**

4.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 4 and, therefore, denies the allegations until proven.

5.    Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7. To the extent any of its defenses are found to be jurisdictional in nature, Defendant reserves all such defenses.

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10.

## GENERAL ALLEGAITONS

11. Defendant admits that Mr. Dixon began performing services for Defendant as a contractor employed by a third-party employer in Scottsdale, Arizona in October 2015. Defendant denies the remaining allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant admits the allegations contained in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant admits the allegations contained in paragraph 18.

19. Defendant admits the allegations contained in paragraph 19.

20. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 20 and, therefore, denies the allegations until proven.

21. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 21 or the intended meaning of the term "open" and, therefore, denies the allegations until proven.

22. Defendant admits that Mr. Dixon's manager learned at some point that Mr. Dixon considered himself a homosexual man. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 22 and,

therefore, denies the allegations until proven.

23.    Defendant denies the allegations contained in paragraph 23.

24.    Defendant denies the allegations contained in paragraph 24.

25.    Defendant denies the allegations contained in paragraph 25.

26.    Defendant denies the allegations contained in paragraph 26.

27.    Defendant denies the allegations contained in paragraph 27.

28.    Defendant denies the allegations contained in paragraph 28.

29.    Defendant denies the allegations contained in paragraph 29.

30.    Defendant admits that Mr. Dixon told his manager at certain times that he was sick but is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 30 and, therefore, denies the allegations until proven.

31.    Defendant admits that Mr. Dixon's manager rated him "Off Course" in his 2018 midyear review but is without sufficient information as to the intended meaning of the subjective term "negative performance evaluation," and therefore denies the remaining allegations contained in paragraph 31.

32.    Defendant denies the allegations contained in paragraph 32.

33.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 33 and, therefore, denies the allegations until proven

34.    Defendant admits that Mr. Dixon told his manager, at times, that he was taking ibuprofen. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 34 and, therefore, denies the allegations until proven

35.    Defendant admits that Mr. Dixon took short term disability leave in July/August 2018. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 35 and, therefore, denies the allegations until proven.

36.    Defendant admits the allegations contained in paragraph 36.

37.    Defendant admits that Mr. Dixon was approved for intermittent FMLA leave in September 2018.    Defendant denies the remaining allegations contained in paragraph 37.

38.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 38 and, therefore, denies the allegations until proven.

39.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 39 and, therefore, denies the allegations until proven

40.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 40 and, therefore, denies the allegations until proven.

41.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 41 and, therefore, denies the allegations until proven.

42.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 42 and, therefore, denies the allegations until proven.

43.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 43 and, therefore, denies the allegations until proven.

44.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 44 and, therefore, denies the allegations until proven.

45.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 45 and, therefore, denies the allegations until proven.

46.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 46 and, therefore, denies the allegations until proven.

47.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 47 and, therefore, denies the allegations until proven.

48.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 48 and, therefore, denies the allegations until proven.

49.     Defendant admits the allegations contained in paragraph 49.

50.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 50 and, therefore, denies the allegations until proven.

51.     Defendant denies the allegations contained in paragraph 51.

52.     Defendant admits that Mr. Dixon asked his manager if he did not like Mr. Dixon because he is gay, but denies the remaining allegations contained in paragraph 52.

53.     Defendant admits that Mr. Dixon stated to his manager that he was having an issue with his eyesight, but denies the remaining allegations contained in paragraph 53.

54.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 54 and, therefore, denies the allegations until proven.

55.     Defendant admits the allegations contained in paragraph 55.

56.     Defendant admits the allegations contained in paragraph 56.

57.     Defendant admits that Mr. Dixon met with a human resources representative and that Mr. Dixon discussed some concerns he had, but Defendant denies the remaining allegations and inferences contained in paragraph 57.

58.     Defendant admits that Mr. Dixon told the human resources representative that he was having an issue with his eyesight, but denies the remaining allegations

5

1  contained in paragraph 58.

2         59.    Defendant admits the allegations contained in paragraph 59.

3         60.    Defendant is without sufficient information or knowledge to admit or deny

4  the allegations contained in paragraph 60 and, therefore, denies the allegations until

5  proven.

6         61.    Defendant is without sufficient information or knowledge to admit or deny

7  the allegations contained in paragraph 61 and, therefore, denies the allegations until

8  proven.

9         62.    Defendant admits that Mr. Dixon's employment terminated before new

10  screens were installed at his work station, but denies the remaining allegations and

11  inferences contained in paragraph 62.

12         63.    Defendant denies the allegations contained in paragraph 63.

13         64.    Defendant admits that Mr. Dixon used intermittent FMLA at times in

14  October 2018, but is without sufficient information or knowledge to admit or deny the

15  remaining allegations contained in paragraph 64 and, therefore, denies the allegations until

16  proven.

17         65.    Defendant admits that Mr. Dixon used intermittent FMLA at times in

18  October 2018, but is without sufficient information or knowledge to admit or deny the

19  remaining allegations contained in paragraph 65 and, therefore, denies the allegations until

20  proven.

21         66.    Defendant denies the allegations contained in paragraph 66.

22         67.    Defendant admits that Plaintiff spoke with a human resources representative

23  at various times in October 2018, but denies the remaining allegations and inferences

24  contained in paragraph 67.

25         68.    Defendant admits that Plaintiff spoke with a human resources representative

26  at various times in October 2018, but denies the remaining the allegations contained in

27  paragraph 68.

28         69.    Defendant admits that human resources received a complaint about Mr.

6

Dixon in October 2018 which was investigated. Defendant denies the remaining allegations contained in paragraph 69.

70. Defendant admits that Mr. Dixon and the human resources representative discussed Mr. Dixon asking co-workers for a pad. Defendant denies the remaining allegations contained in paragraph 70.

71. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 71 and, therefore, denies the allegations until proven.

72. Defendant admits that Mr. Dixon and the human resources representative discussed hygiene-related issues. Defendant denies the remaining allegations contained in paragraph 72.

73. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 73 and, therefore, denies the allegations until proven.

74. Defendant admits that Mr. Dixon and the human resources representative discussed hygiene-related issues. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 74 and, therefore, denies the allegations until proven.

75. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 75 and, therefore, denies the allegations until proven.

76. Defendant denies the allegations contained in paragraph 76.

77. Defendant admits the allegations contained in paragraph 77.

78. Defendant admits that Mr. Dixon was informed his employment was being terminated for violation of Vanguard policy. Defendant denies the remaining allegations contained in paragraph 78.

79. Defendant admits the allegations contained in paragraph 79.

80. Defendant admits the allegations contained in paragraph 80.

81.     Defendant admits the allegations contained in paragraph 81.

82.     Defendant admits the allegations contained in paragraph 82.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

83.     In response to paragraph 83 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 82 above.

84.     Defendant is without sufficient information or knowledge to admit or deny the allegations and legal conclusions contained in paragraph 84 and, therefore, denies the allegations until proven.

85.     Defendant admits the allegations contained in paragraph 85.

86.     Defendant denies the allegations contained in paragraph 86.

87.     Defendant denies the allegations contained in paragraph 87.

## DISCRIMINATON

88.     In response to paragraph 88 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 87 above.

89.     Defendant denies the allegations contained in paragraph 89.

90.     Defendant denies the allegations contained in paragraph 90.

91.     Defendant denies the allegations contained in paragraph 91.

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS AND FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

92.     In response to paragraph 92 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 91 above.

93.     Answering paragraph 93, Defendant admits that Plaintiff notified Defendant of some health issues during his employment, however, the allegation is overly vague and does not specify which health issues to which Plaintiff is referring; therefore, Defendant denies the remaining allegations therein.

94.     Answering paragraph 94, Defendant admits that Plaintiff notified Defendant of some health issues during his employment, however, the allegation is overly vague and does not specify which health issues to which Plaintiff is referring; therefore, Defendant

1    denies the remaining allegations therein.

2        95.    Answering paragraph 95, Defendant admits that Plaintiff notified Defendant

3    of some health issues and requests for special treatment during his employment, however,

4    the allegation is overly vague and does not specify which health issues to which Plaintiff

5    is referring; therefore, Defendant denies the remaining allegations therein.

6        96.    Defendant denies the allegations contained in paragraph 96.

7        97.    Defendant is without sufficient information or knowledge to admit or deny

8    the allegations and legal conclusions contained in paragraph 97 and, therefore, denies the

9    allegations until proven.

10        98.    Defendant is without sufficient information or knowledge to admit or deny

11    the allegations contained in paragraph 98 and, therefore, denies the allegations until

12    proven.

13        99.    Defendant denies the allegations contained in paragraph 99.

14        100.    Defendant denies the allegations contained in paragraph 100.

15        101.    Defendant denies the allegations contained in paragraph 101.

16        102.    Defendant denies the allegations contained in paragraph 102.

17                **HOSTILE WORK ENVIRONMENT**

18        103.    In response to paragraph 103 of the Complaint, Defendant incorporates its

19    responses to paragraphs 1 through 102 above.

20        104.    Defendant denies the allegations contained in paragraph 104.

21        105.    Defendant denies the allegations contained in paragraph 105.

22        106.    Defendant denies the allegations contained in paragraph 106.

23        107.    Defendant denies the allegations contained in paragraph 107.

24        108.    Defendant denies the allegations contained in paragraph 108.

25                **RETALIATION**

26        109.    In response to paragraph 109 of the Complaint, Defendant incorporates its

27    responses to paragraphs 1 through 108 above.

28        110.    Defendant is without sufficient information or knowledge to admit or deny

9

the allegations and legal conclusion contained in paragraph 110 and, therefore, denies the allegations until proven.

111.    Defendant denies the allegations contained in paragraph 111.

112.    Defendant denies the allegations contained in paragraph 112.

## DAMAGES UNDER THE ADA

113.    Defendant denies the allegations contained in paragraph 113.

114.    Defendant denies the allegations contained in paragraph 114.

115.    Defendant denies the allegations contained in paragraph 115.

116.    Defendant denies the allegations contained in paragraph 116.

117.    Defendant denies the allegations contained in paragraph 117.

118.    Defendant denies the allegations contained in paragraph 118.

## VIOLATION OF TITLE VII

119.    In response to paragraph 119 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 118 above.

120.    Defendant is without sufficient information or knowledge to admit or deny the allegations and legal conclusion contained in paragraph 120 and, therefore, denies the allegations until proven.

121.    Defendant is without sufficient information or knowledge to admit or deny the allegations and legal conclusions contained in paragraph 121 and, therefore, denies the allegations until proven.

122.    Defendant admits the allegations contained in paragraph 122.

123.    Defendant denies the allegations contained in paragraph 123.

124.    Defendant admits the allegations contained in paragraph 124.

125.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 125 and, therefore, denies the allegations until proven.

## DISCRIMINATION

126.    In response to paragraph 126 of the Complaint, Defendant incorporates its

1  responses to paragraphs 1 through 125 above.

2         127.   Defendant denies the allegations contained in paragraph 127.

3         128.   Defendant denies the allegations contained in paragraph 128.

4         129.   Defendant denies the allegations contained in paragraph 129.

5         130.   Defendant denies the allegations contained in paragraph 130.

6         131.   Defendant denies the allegations contained in paragraph 131.

7                        **HOSTILE WORK ENVIRONMENT**

8         132.   In response to paragraph 132 of the Complaint, Defendant incorporates its

9  responses to paragraphs 1 through 131 above.

10        133.   Defendant denies the allegations contained in paragraph 133.

11        134.   Defendant denies the allegations contained in paragraph 134.

12        135.   Defendant denies the allegations contained in paragraph 135.

13        136.   Defendant denies the allegations contained in paragraph 136.

14        137.   Defendant denies the allegations contained in paragraph 137.

15                               **RETALIATION**

16        138.   In response to paragraph 138 of the Complaint, Defendant incorporates its

17  responses to paragraphs 1 through 137 above.

18        139.   Defendant is without sufficient information or knowledge to admit or deny

19  the allegations and legal conclusion contained in paragraph 139 and, therefore, denies the

20  allegations until proven.

21        140.   Defendant denies the allegations contained in paragraph 140.

22        141.   Defendant denies the allegations contained in paragraph 141.

23                        **DAMAGES UNDER TITLE VII**

24        142.   Defendant denies the allegations contained in paragraph 142.

25        143.   Defendant denies the allegations contained in paragraph 143.

26        144.   Defendant denies the allegations contained in paragraph 144.

27        145.   Defendant denies the allegations contained in paragraph 145.

28        146.   Defendant denies the allegations contained in paragraph 146.

1      147.    Defendant denies the allegations contained in paragraph 147.

2      **<u>VIOLATION OF THE FMLA</u>**

3      148.    In response to paragraph 148 of the Complaint, Defendant incorporates its

4  responses to paragraphs 1 through 147 above.

5      149.    Defendant admits the allegations contained in paragraph 149.

6      150.    Defendant admits the allegations contained in paragraph 150.

7      151.    Defendant admits that Mr. Dixon was granted intermittent FMLA leave in

8  2018.  Defendant denies the remaining allegations contained in paragraph 151.

9      152.    Defendant admits that Mr. Dixon took intermittent FMLA leave.  Defendant

10  denies the remaining allegations contained in paragraph 152.

11      153.    Defendant admits the allegations contained in paragraph 153.

12      154.    Defendant admits the allegations contained in paragraph 154.

13      155.    Defendant denies the allegations contained in paragraph 155.

14      156.    Defendant denies the allegations contained in paragraph 156.

15      157.    Defendant is without sufficient information or knowledge to admit or deny

16  the allegations contained in paragraph 157 and, therefore, denies the allegations until

17  proven.

18      158.    Defendant denies the allegations contained in paragraph 158.

19      159.    Defendant admits the allegations contained in paragraph 159.

20      160.    Defendant denies the allegations contained in paragraph 160.

21      **<u>DAMAGES UNDER THE FMLA</u>**

22      161.    Defendant denies the allegations contained in paragraph 161.

23      162.    Defendant denies the allegations contained in paragraph 162.

24      163.    Defendant denies the allegations contained in paragraph 163.

25      164.    Defendant denies the allegations contained in paragraph 164.

26      **<u>JURY DEMAND</u>**

27      165.    Defendant admits that Mr. Dixon has requested a trial by jury in

28  paragraph 165.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the monetary relief or any other relief sought under the section of the Complaint titled "Prayer for Relief" or has been damaged as alleged in the Complaint, or at all.

**GENERAL DENIAL**

Defendant generally and specifically denies each and every allegation of the Complaint not expressly admitted herein and denies that Plaintiff has been damaged as alleged in the Complaint, or at all.

**AFFIRMATIVE AND OTHER DEFENSES[1]**

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff has failed to exhaust his administrative remedies.

4.      Plaintiff has failed to state a claim for recovery of punitive damages upon which relief can be granted.

5.      Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate his damages.

6.      Defendant asserts that Plaintiff was, at all material times, an at-will employee of Defendant and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

7.      Defendant had legitimate, non-discriminatory reasons for its actions, and each of them.

8.      Defendant exercised reasonable care and complied with all obligations under the law with regard to preventing discrimination and investigating articulated concerns.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

9.     Plaintiff failed to avail himself of internal procedures to prevent discrimination and otherwise prevent harm.

10.    To the extent Plaintiff complained to Defendant about alleged unlawful treatment, Defendant took immediate and adequate steps to investigate Plaintiff's complaints.

11.    Any and all actions taken by Defendant affecting Plaintiff were taken for reasons other than Plaintiff's sex, sexual orientation or disability.

12.    Defendant's decisions made as to Plaintiffs employment were for legitimate, non-pretextual reasons and without consideration as to any protected category, but if it is determined that any protected category was a motivating factor in any decision, then Defendant asserts the same decision would have been made without regard to such factor(s).

13.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

14.    Defendant's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward Plaintiff.

15.    Actions by Defendant were not so outrageous or extreme as to warrant an award of exemplary, compensatory or other damages or relief.

16.    Defendant reserves the right to assert additional affirmative defenses should it become aware of any during the course of discovery.

**RELIEF REQUESTED**

Having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court:

1.     Dismiss Plaintiff's Complaint in its entirety with prejudice;

2.     Award Defendant its costs and attorneys' fees incurred in having to defend against Plaintiff's claims; and

3.     Award Defendant such other and further relief as the Court deems just and proper.

14

DATED:  January 17, 2020.

JACKSON LEWIS P.C.

By */s/Robert K. Jones*
    Robert K. Jones
    Andrew M. Gaggin
    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Chad Hunter Conelly
Molever Conelly PLLC
8161 E. Indian Bend Rd., Suite 103
Scottsdale, AZ  85250
*Attorney for Plaintiff*


By: */s/ Amalia Tafoya*

4827-6460-1265, v. 2